## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ALEJANDRO FIGUEREDO,**

    **Plaintiff,**

**vs.**                                          **CASE NO. 4:04cv271-SPM/AK**

**JAMES V. CROSBY, et al,**

    **Defendants.**

_____/


## REPORT AND RECOMMENDATION

In an order dated April 8, 2005, Plaintiff was directed to file service copies of his amended complaint (doc. 14).  (Doc. 16).  On June 17, 2005, the Court entered a show cause order as to why this cause should not be dismissed because Plaintiff had failed to provide the service copies.  (Doc. 17).  Plaintiff was directed to respond to the show cause order on or before July 1, 2005, and he was warned that it would be recommended that the case be dismissed if he failed to respond.  (Doc. 17).  To date, Plaintiff has failed to comply with that order or otherwise communicate with the Court regarding his lawsuit.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute.  Link v. Wabash Railroad, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed2d 734 (1962).  Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice.

**IN CHAMBERS** at Gainesville, Florida, this **28**<sup>th</sup> day of July, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**